**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL ANGEL CHAVEZ-PULIDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 11 C 0540 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Miguel Angel Chavez-Pulido's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court dismisses Chavez-Pulido's Section 2255 motion as untimely. *See* 28 U.S.C. § 2255(f). Also, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**FACTUAL BACKGROUND**

On October 30, 2007, a federal grand jury returned a two-count superseding indictment in which Chavez-Pulido was charged with one count of possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). On November 5, 2007, Chavez-Pulido appeared for his arraignment and entered a plea of not guilty. On August 26, 2008, Chavez-Pulido withdrew his plea of not guilty and entered into a blind plea of guilty to the first count of the superseding indictment. On February 19, 2009, the Court sentenced Chavez-Pulido to 210 months' imprisonment to be followed by five years' supervised release. The Court entered the judgment and commitment order on February 23, 2009. Chavez-Pulido did not file a notice of appeal.

## ANALYSIS

**I.      Statute of Limitations – 28 U.S.C. § 2255(f)(1)**

In response to Chavez-Pulido's Section 2255 motion, Respondent maintains that the motion is untimely under the one-year statute of limitations. *See* 28 U.S.C. § 2255(f)(1). Specifically, a federal prisoner has one year from the date on which his judgment became final to file a Section 2255 motion. *See Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Latham v. United States,* 527 F.3d 651, 651 (7th Cir. 2008). A judgment is "final" for purposes of Section 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *See Clay,* 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *see also Robinson v. United States,* 416 F.3d 645, 646 (7th Cir. 2005).

Chavez-Pulido did not file a notice of appeal, and thus he did not have the right to file a writ of certiorari because he was never "in" the Court of Appeals. *See Latham,* 527 F.3d at 652-53; 28 U.S.C. § 1254. Therefore, Chavez-Pulido's one-year limitations period began to run fourteen days after the Court entered judgment, namely, the time in which he was required to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b). *See United States v. Neff,* 598 F.3d 320, 322 (7th Cir. 2010) (2009 amendment changed time to file notice of appeal for criminal cases to within 10 to 14 days of entry of judgment). Because the Court entered judgment on February 23, 2009, Chavez-Pulido's judgment became final on March 9, 2009. Therefore, Chavez-Pulido had until one year later to file the present Section 2255 motion – March 10, 2010. *See* Fed.R.Civ.P. 6(a)(1)(A) ("exclude the day of the event that triggers the

2

period"). The present Section 2255 motion was postmarked January 3, 2011, and thus is untimely. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (motion considered "filed" on date prisoner deposits motion in prison mail system).

Construing his pro se allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), Chavez-Pulido argues that the Court should equitably toll the one-year limitations period based on his counsel's failure to file an appeal despite Chavez-Pulido's request that he do so. Indeed, the one-year limitations period is subject to equitable tolling, which courts grant only if extraordinary circumstances beyond the petitioner's control prevented the timely filing of the Section 2555 motion. *See Holland v. Florida,* 130 S.Ct. 2549, 2560 (2010). A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also* 28 U.S.C. § 2255(f)(4).

In his Section 2255 petition and accompanying affidavit, Chavez-Pulido explains that after sentencing, which occurred on February 19, 2009, he requested that his defense attorney file a notice of appeal. Chavez-Pulido avers that his defense counsel then told him that he would pay Chavez-Pulido a visit to discuss the appeal, yet counsel failed to do so. Because his lawyer never showed up to discuss the appeal, Chavez-Pulido asserts that he then asked his wife to call defense counsel on several occasions to find out if counsel had filed an appeal, yet counsel ignored her phone calls. Chavez-Pulido further explains that it was not until August 25, 2010, when his defense counsel wrote him a letter, that Chavez-Pulido knew that his defense counsel had failed to file an appeal.

3

Despite Chavez-Pulido's averments, reasonable diligence would have led Chavez-Pulido to discover that his appeal had not been filed much earlier than on August 25, 2010, when his lawyer wrote to him. *See Holland,* 130 S.Ct. at 2565 (diligence required for equitable tolling is reasonable diligence). To clarify, at sentencing, the Court informed Chavez-Pulido that he had a right to appeal his sentence and that his appeal must be filed within ten days of the judgment being entered. (Sent. Hr'g Tr., at 26.) And, because whether counsel filed an appeal is a matter of the public record – had Chavez-Pulido used reasonable diligence – he would have found out that an appeal had not been filed months before his one-year limitations period expired on March 10, 2010. *See Montenegro v. United States*, 248 F.3d 585, 593 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001) ("that an appeal had not been filed was a matter of public record, 'which reasonable diligence could have unearthed.'"); *Lampkin v. United States,* No. 10 C 146, 2011 WL 62902, at *2 (S.D. Ind. Jan. 6, 2011) (petitioner "could have ascertained within days of the date of his sentencing [] that no appeal had been filed"); *Cf. Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("lack of a petition was a matter of public record, which reasonable diligence could have unearthed."). In other words, Chavez-Pulido could have checked the district court's docket or the appellate court's docket or contacted the district court or the appellate court about his appeal. *See Walls v. United States,* No. 04 C 1135, 2005 WL 3307283, at *6 (E.D. Wis. Dec. 6, 2005) ("even if petitioner had a hard time reaching [his attorney], a quick check of the docket would have revealed that no notice was filed."). Meanwhile, even assuming that Chavez-Pulido told his attorney to appeal his sentence, Chavez-Pulido does not explain how counsel's alleged non-responsiveness prevented him from filing a timely Section 2255 motion under the circumstances, especially in light of the fact that it

4

is not uncommon for petitioners to file their Section 2255 motions while their direct appeals are still pending. *See United States v. Barger,* 178 F.3d 844, 848 (7th Cir. 1999) ("there is no bar to raising a Section 2255 motion while the appeal is pending") (citation omitted). In fact, had Chavez-Pulido filed his Section 2255 motion after his counsel allegedly failed to visit Chavez-Pulido to discuss the appeal right after sentencing, his motion would have been filed well within the one-year limitations period. *See Jones v. United States,* 20 Fed.Appx. 520, 524, 2001 WL 11088290, at *4 (7th Cir. 2001) (unpublished). Because Chavez-Pulido did not exercise reasonable diligence to discover whether his counsel filed a notice of appeal, equitable tolling does not apply under the circumstances, *see Holland,* 130 S.Ct. at 2565, and thus his Section 2255 motion is untimely.

## II. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Chavez-Pulido a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have an absolute right to appeal a district court's denial of a Section 2255 motion; instead, he must first request a certificate of appealability ("COA"). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *see also* 28 U.S.C. § 2253(b). Chavez-Pulido is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). Under this standard, Chavez-Pulido must demonstrate that reasonable jurists would find the Court's assessment of his

Section 2255 claims debatable or wrong. *See Miller-El,* 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In cases where a district court denies a claim on procedural grounds without reaching the merits of the underlying constitutional claims, a COA should issue if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Here, the Court can find no reason why reasonable jurists would debate or disagree with the Court's ruling that equitable tolling does not apply under the circumstances, and thus Chavez-Pulido's Section 2255 motion is untimely. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court dismisses Petitioner Miguel Chavez-Pulido's Section 2255 motion as untimely. *See* 28 U.S.C. § 2255(f). Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** May 10, 2011

                                              **ENTERED**

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**